IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-00716-FL

| | |
|---|---|
| ROBERT MANKES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FANDANGO, LLC, )<br>)<br>    Defendant. )<br>) | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF DEFENDANT FANDANGO, LLC'S MOTION TO DISMISS

Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 921-1220
Facsimile: (919) 821-6800

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
ROTHWELL, FIGG, ERNST
& MANBECK, P.C.
607 14th Street, N.W.
Suite 800
Washington, D.C. 20005
Telephone: (202) 783-6040

*Attorneys for Defendant
Fandango, LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................................ ii
I.    NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 2
II.   SUMMARY OF FACTS ..................................................................................................... 2
III.  ARGUMENT ....................................................................................................................... 5
      A.    The Complaint Does Not State a Claim for Direct Infringement ............................ 6
      B.    The Complaint Does Not State a Claim for Indirect Infringement ......................... 8
            i.   The Complaint Does Not Properly Allege Inducement of Infringement .......... 8
            ii.  The Complaint Does Not Properly Allege Contributory Infringement .......... 9
IV.  CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
   692 F.3d 1301 (Fed. Cir. 2012) .................................................................................. 6, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 4, 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 4, 5

*BMC Resources, Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007) ........................................................................................... 6

*Bonutti Skeletal Innovations LLC v. Conformis, Inc.*,
   No. 12-1109-GMS, 2013 U.S. Dist.
   LEXIS 164549 (D. Del. Nov. 14, 2013) ............................................................................ 7

*Brandywine Communs. Techs., LLC v. Casio Computer Co., Ltd.*,
   912 F. Supp. 2d 1338 (M.D. Fla. 2012) ............................................................................ 7

*Broadcom Corp. v. Qualcomm Inc.*,
   543 F.3d 683 (Fed. Cir. 2008) ............................................................................................ 8

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005) ........................................................................................... 9

*DSU Medical Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ........................................................................................... 9

*Gevo, Inc. v. Butamax Advanced Biofuels LLC*,
   No. 12-1724-SLR, 2013 U.S. Dist.
   LEXIS 94568 (D. Del. July 8, 2013) ................................................................................. 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ......................................................................................................... 8

*In re Bill of Lading Transm'n and Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .................................................................................. 5, 8, 9

*Joy Techs., Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ................................................................................................. 5

*Kyocera Wireless Corp. v. Int'l Trade Com'n*,
   545 F.3d 1340 (Fed. Cir. 2008) ........................................................................................... 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009) ........................................................................................... 5

*Muniauction, Inc. v. Thomson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008) ..................................................................................... 6, 7

*Mylan Labs, Inc. v. Matkari*,
  7 F.3d 1130 (4th Cir. 1993) ............................................................................................... 5

*Selex Communs., Inc. v. Google Inc.*,
  1:09-CV-2927-TWT, 2012 U.S. Dist.
  LEXIS 66802 (N.D. Ga. May 10, 2012) ............................................................................ 7

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
  3:13-cv-1278-GPC-JMA, 2013 U.S. Dist.
  LEXIS 151761 (S.D. Cal. Oct. 22, 2013) ........................................................................... 8

**Statutes**

35 U.S.C. § 271 .......................................................................................................................... 2
35 U.S.C. § 271(b) .................................................................................................................. 1, 8
35 U.S.C. § 271(c) ............................................................................................................... 1, 8, 9

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................................... 1, 2, 4
Fed. R. Civ. P. 8 ......................................................................................................................... 1

Defendant Fandango, LLC, ("Fandango"), pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), moves to dismiss the claims of infringement of U.S. Patent No. 6,477,503 (the "'503 patent") by Plaintiff Robert Mankes ("Mankes") for failure to state a claim upon which relief can be granted. Plaintiff has not pleaded sufficient specific facts to support a plausible claim of infringement under a theory of either direct or indirect infringement.

The Complaint asserts that Fandango markets and uses a system that directly infringes one or more claims of the '503 patent; however, Plaintiff concedes that Fandango's system performs only "some" of the required steps of the patent claims. [DE 1] at ¶ 14. Because infringement requires that all steps of a claim be performed, the allegations of the Complaint demonstrate that Fandango <u>cannot</u> be held liable for direct infringement based on its own actions. *See infra*, at Section III.A. To the extent that Plaintiff alleges direct infringement on the basis of a "joint" or "divided" infringement theory, which is not explicitly asserted in the Complaint, Plaintiff fails to allege the requisite elements of such a claim. Specifically, the Complaint does not allege any act of infringement committed by an agent of Fandango or pursuant to Fandango's direction or control -- allegations required by the case law. *See id.*

The Complaint also fails to allege every element of a claim for indirect infringement, *i.e.*, inducement of infringement under 35 U.S.C. § 271(b) or contributory infringement under § 271(c). With respect to inducement, the Complaint does not allege that Fandango possessed the necessary specific intent to induce another to infringe. *See infra*, at Section III.B.i. With respect to contributory infringement, the Complaint does not allege that Fandango sold any product specifically adapted for use in infringing the '503 patent, and which has no substantial non-infringing uses. *See infra*, at Section III.B.ii.

The pleading deficiencies raised herein are not mere technical deficiencies, but reflect the inability of Mankes to assert in good faith that Fandango has actually committed any acts of infringement. Accordingly, Fandango respectfully requests that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted.

## I. NATURE AND STAGE OF THE PROCEEDINGS

On October 14, 2013, Plaintiff Mankes filed a complaint ("Complaint") against Defendant Fandango alleging infringement of the '503 patent under 35 U.S.C. §§ 271, *et seq*. Mankes seeks injunctive relief as well as a recovery of monetary damages. [DE 1] at ¶¶ 17-18. On December 2, 2013, Fandango's time to answer or move in response to the Complaint was extended to December 29, 2013. On December 27, 2013, Fandango's time to answer or move in response to the Complaint was extended to January 6, 2014. Fandango moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## II. SUMMARY OF FACTS

The '503 patent was issued on November 5, 2002, and is titled "Active Reservation System." *See* [DE 1-1]. This business method patent is directed to systems and methods for controlling an event vendor's inventory. *See id.* at col. 2, ll. 57-60. As described in the '503 patent, a "local server allocates a portion of the inventory as reservation server inventory and transfer[s] such data to the reservation server." *Id.* at col. 3, ll. 27-29. The reservation system may then make the allocated portion of the inventory "available to consumers through secondary Internet connections," and communicate prospective reservations to the local server. *Id*. at col. 3, ll. 28-35.

The '503 patent contains four independent claims – three method claims and a single system claim.[1] *Id*. at col. 8, l. 33 – col. 10, l. 50. For example, claim 1 reads:

1. A method for operating an Internet based active reservation system for the purchase of goods and services, comprising:

(a) providing an owner event server located at and operated by a local event owner having an available inventory of goods and services at a local site;

(b) providing an active reservation server located at and operated by user remote from said local site, said active reservation server accepting only data from said owner event server and formatting said data for viewing by an Internet-based consumer;

(c) <u>allocating said available inventory by only said owner event server</u> at all times between local inventory and Internet inventory;

(d) adjusting said available inventory by only said event owner at said owner event server at all times based on purchases of goods and services at said local event site;

(e) communicating said allocated Internet inventory only to said active reservation server;

(f) <u>receiving purchase requests for goods and services in said Internet inventory at said active reservation server</u> from said Internet-based consumer;

(g) <u>communicating said purchase requests from said active reservation server to said owner event server</u>;

(h) accepting said purchase requests solely at said local event server and adjusting said Internet inventory only by said owner event server at all times to establish an adjusted Internet inventory;

(i) <u>communicating said accepting and said adjusted Internet inventory from said owner event server to said active reservation server</u>; and

(j) communicating said accepting and confirmation indicia relative thereto from said active reservation system to said Internet consumer.

---

[1] Although the Complaint fails to identify specific claims, it does not appear that Mankes alleges that Fandango's ticket distribution activities infringe the system claim (claim 4), which is directed to a "locally maintained reservation system."

*Id.* at col. 8, ll. 33-67 (emphasis added). Independent claims 2 and 3 are directed to a "method for operating a system for locally and remotely reserving the purchase of goods and services" and a "method for system for [sic] the reserving goods and services at a local site," respectively. *Id.* at col. 9, l. 1 – col. 10, l. 24. The methods of the '503 patent require, *inter alia*, that some steps are performed locally at an event server, while others are performed remotely at a reservation server.

The Complaint contains a single count (Count 1) for patent infringement, which recites, in relevant part:

> 12. Fandango uses and offers to sell throughout the United States a reservation system for selling tickets. The Fandango system is used by theaters from throughout the United States to sell tickets.
>
> 13. Fandango was aware of the '503 Patent at the time they sold their reservation services to theaters.
>
> 14. Fandango's reservation system performs some of the steps of the claimed invention.
>
> 15. Fandango has induced theaters and/or contributed to theaters performing the other steps of the claimed invention by having the theaters use the Fandango reservation system.
>
> 16. The theaters performed these other steps of the claimed invention.

[DE 1] at ¶¶ 12-16.

The Complaint does not allege that Fandango performs every step of any claimed method; that any act of infringement was committed by an agent of Fandango or under Fandango's direction or control; that Fandango intended to induce another to infringe; or that Fandango sold any product specifically adapted for use in infringing the '503 patent, and which has no substantial non-infringing uses.

## III. ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A plaintiff has an obligation "to provide the 'grounds' of his 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 555 (plausibility requires factual allegations "enough to raise a right to relief above the speculative level"). To do so, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court'" and the claims should be dismissed. *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216, at 233-234). When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept its allegations as true and construe the complaint in the light most favorable to the plaintiff. *See, e.g.*, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *In re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). However, a court is not required to accept as true unwarranted factual inferences. *Iqbal*, 556 U.S. at 678. In the Complaint, Plaintiff fails to allege facts sufficient to state a plausible claim for patent infringement under the standards articulated in *Iqbal* and *Twombly*.

### A. The Complaint Does Not State a Claim for Direct Infringement

Under well-established Federal Circuit law "[t]o infringe a method claim, a person must have practiced all steps of the claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (citing *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)). However, the Complaint fails to allege that Fandango performs every step of any claimed method. In fact, Plaintiff <u>admits in the Complaint that Fandango does not perform every step of the claimed methods</u>. [DE 1] at ¶ 14 ("Fandango's reservation system performs some of the steps of the claimed invention."). As such, the Complaint does not set out facts that would permit the Court to infer that the elements of a claim for direct infringement have been satisfied based on Fandango's actions.

To the extent that Plaintiff alleges direct infringement under a theory of "joint" or "divided" infringement, the Complaint is also deficient.[2] The Federal Circuit has recognized that in certain circumstances, the actions of multiple parties may result in liability for direct infringement. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). However, when the actions of multiple parties combine to perform the steps of a claimed method, the claim is "directly infringed <u>only</u> if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.*, the mastermind." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) (emphasis added) (holding that the question of infringement turns on "whether [the allegedly infringing party] sufficiently controls or directs other parties (e.g. the bidder) such that [the allegedly infringing party] itself can be said to have performed every step of the asserted claim"); *see also BMC*

---

[2] Although the Complaint does not explicitly allege liability for direct infringement under a theory of joint infringement, it does allege that "[t]he theaters performed these other steps of the claimed invention," thereby implicating a theory of joint infringement. *See* [DE 1] at ¶ 16.

6

*Resources*, 498 F.3d at 1380-81. "Under *BMC Resources,* the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330 (citing *BMC Resources*, 498 F.3d at 1379); *see also Akamai Techs., Inc. v. Limelight Networks, Inc.,* 692 F.3d 1301, 1307 (Fed. Cir. 2012).

The Complaint is silent regarding the "direction or control" requirements for liability under a theory of "joint" or "divided" infringement. The Complaint makes no allegations that could form the basis for a reasonable inference that Fandango has directed or controlled the theaters' performance of any claimed step, or that any theater was acting as Fandango's agent. The Complaint is therefore deficient on its face. *See Muniauction* at 532 F.3d at 1329; *Gevo, Inc. v. Butamax Advanced Biofuels LLC*, No. 12-1724-SLR, 2013 U.S. Dist. LEXIS 94568, *13 (D. Del. July 8, 2013) ("Gevo's allegations are not sufficient to sustain a claim that BP directed or controlled Butamax. Therefore, Gevo has not sufficiently pled joint infringement."); *Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, No. 12-1109-GMS, 2013 U.S. Dist. LEXIS 164549, *6 (D. Del. Nov. 14, 2013) ("Where the complaint implicates a theory of joint infringement … a plaintiff must allege much more than merely the requirements of Form 18."); *Brandywine Communs. Techs., LLC v. Casio Computer Co., Ltd.*, 912 F. Supp. 2d 1338, 1351 (M.D. Fla. 2012) (dismissing claims of joint infringement where the plaintiff "failed to ... adequately allege that Casio exerts control and direction over Verizon such that the entire patented process can be attributed to Casio."); *Selex Communs., Inc. v. Google Inc.*, 1:09-CV-2927-TWT, 2012 U.S. Dist. LEXIS 66802, *12 (N.D. Ga. May 10, 2012) ("Without pleading 'control or direction,' Selex has not set forth a plausible claim for joint patent infringement."). Rather, the Complaint alleges only that "[t]he theaters performed these other steps of the claimed invention" and that

"Fandango has induced theaters and/or contributed to theaters," doing so by having the theaters "use the Fandango reservation system." [DE 1] at ¶¶ 15-16. The Complaint fails to even allege any conduct on the part of Fandango that would meet the Federal Circuit's test for divided infringement.

As demonstrated by its own statements in the Complaint, as well as the complete lack of allegations regarding "direction or control," Plaintiff's claim of direct infringement is not plausible. Accordingly, Fandango respectfully requests that the Court dismiss Plaintiff's claim of direct infringement.

### B.  The Complaint Does Not State a Claim for Indirect Infringement

Even if not liable for direct infringement, in certain circumstances, an accused infringer may be liable for indirect infringement, which includes inducement of infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c). However, Plaintiff fails to set forth any facts that would allow the Court to draw the reasonable inference that Fandango is liable for either inducement or contributory infringement.

### *i.  The Complaint Does Not Properly Allege Inducement of Infringement*

To properly plead inducement of infringement, Plaintiff must provide facts, that if taken as true, would establish "first that there has been a direct infringement, and second that [Fandango] knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)); *see also Akamai*, 692 F.3d at 1318 ("[an accused infringer] can be held liable for inducing infringement if it can be shown that (1) it knew of [the] patent, (2) it induced the performance of the steps of the method claim in the patent, and (3) those steps were performed."). As the Supreme Court has confirmed, "induced infringement under § 271(b)

8

requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Thus, Plaintiff was required to plead that not only was the '503 patent infringed, and that Fandango had knowledge of the patent, but also that Fandango <u>knowingly induced the infringing acts with the specific intent to cause infringement of the patent</u>. *See In re Bill of Lading*, 681 F.3d at 1323 (to survive a motion to dismiss, a complaint must contain facts "plausibly showing that [the indirect infringer] specifically intended [the direct infringers] to infringe [the patent-at-issue] and knew that the [direct infringer's] acts constituted infringement"); *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, 3:13-cv-1278-GPC-JMA, 2013 U.S. Dist. LEXIS 151761, *7-8 (S.D. Cal. Oct. 22, 2013) (quoting *Kyocera Wireless Corp. v. Int'l Trade Com'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008)) ("This allegation fails because Plaintiff must allege 'more than just an intent to cause the acts that produce direct infringement.'").

Although Plaintiff alleges that Fandango had knowledge of the '503 patent, he fails to allege that Fandango knowingly induced infringement of the patent or possessed the requisite specific intent. *See DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part) ("Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."). Because the Complaint is completely missing facts relating to the basic elements of a claim of inducement, even when all allegations of the Complaint are taken as true, it does not provide a plausible claim for relief. Accordingly, Fandango respectfully requests that the Court dismiss Plaintiff's claim of inducement of infringement.

    *ii.*  *The Complaint Does Not Properly Allege Contributory Infringement*

Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that "material or apparatus" is material to practicing

the invention, has no substantial non-infringing uses, and is known by the party "to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c); *see also Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337 (citing *Cross Med. Prods.*, 424 F.3d at 1312).

Plaintiff's Complaint contains no factual allegations regarding either substantial non-infringing uses, or whether Fandango believed its system to be especially made or adapted to infringe the '503 patent. Therefore, there is no basis for the Court to infer that either element has been established. Accordingly, Fandango respectfully requests that the Court dismiss Plaintiff's claim of contributory infringement.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Complaint should be dismissed because it has not pleaded the required elements to establish infringement under a theory of either direct or indirect infringement, therefore, fails to state a plausible claim for relief.

This the 6th day of January, 2014.

                                              /s/ Robert J. Morris
                                              Robert J. Morris
                                              N.C. State Bar No. 15981
                                              jmorris@smithlaw.com
                                              SMITH ANDERSON BLOUNT DORSETT
                                              MITCHELL & JERNIGAN LLP
                                              2300 Wells Fargo Capitol Center
                                              150 Fayetteville Street
                                              Raleigh, North Carolina 27601
                                              Telephone: (919) 921-1220
                                              Facsimile: (919) 821-6800

                                              *Attorneys for Defendant*
                                              *Fandango, LLC*


OF COUNSEL:

Steven Lieberman
Sharon L. Davis
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 783-6040

# CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of January, 2014, I electronically filed the foregoing Brief in Support of Defendant Fandango LLC's Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification to the attorneys of record for Robert Mankes as follows:

| | |
|---|---|
| Anthony J. Biller | abiller@coatsandbennett.com |
| | mblackman-hughes@coatsandbennett.com |
| | jsorey@coatsandbennett.com |
| | ehaas@coatsandbennett.com |
| | |
| James R. Lawrence, III | jlawrence@coatsandbennett.com |
| | mblackman-hughes@coatsandbennett.com |
| | jsorey@coatsandbennett.com |

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800